Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

FILED

2010 DEC -7 PM 3: 57

RICHARD R. ROOKER, CLERK

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

- [X] First
- [ ] Alias
- [ ] Pluries

Hank Adam Locklin and Jennifer Orr Locklin

CIVIL ACTION DOCKET NO. 10C4786

_____

Plaintiff

**Method of Service:**
- [ ] Davidson County Sheriff
- [ ] Out of County Sheriff
- [ ] Secretary of State
- [ ] Certified Mail
- [ ] Personal Service
- [X] Commissioner of Insurance

**Vs.**

State Farm Insurance Company

c/o TN Dept. of Commerce & Insurance

Service of Process Section, 500 James Robertson Prkwy., 5th Fl.

Nashville, TN 37243

Defendant

D1   &/scheck
w/c+e

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 12-7-10

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: C Hahn
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Robyn Beale Williams - Farrar & Bates, LLP |
| | 211 7th Ave. North, Ste. 500 |
| | Address |
| | Nashville, TN 37219 (615) 254-3060 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

**SHERIFF**

If you have a disability and require assistance, please contact 862-5_

EXHIBIT
Removal
"A"

Copy

NASHVILLE, TENNESSEE

FILED

2010 DEC -7 PM 3: 57

RICHARD R. ROOKER, CLERK

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

[X] First
[ ] Alias
[ ] Pluries

Hank Adam Locklin and Jennifer Orr Locklin

_____

_____

Plaintiff

CIVIL ACTION
DOCKET NO. 10C4786

**Vs.**

State Farm Insurance Company

c/o TN Dept. of Commerce & Insurance

Service of Process Section, 500 James Robertson Prkwy., 5th Fl.

Nashville, TN 37243

Defendant

**Method of Service:**

[ ] Davidson County Sheriff

[ ] Out of County Sheriff

[ ] Secretary of State

[ ] Certified Mail

[ ] Personal Service

[X] Commissioner of Insurance

D1    8 /Scheck
W/C+e

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 12-7-10

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

**By:** C Hahn
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Robyn Beale Williams - Farrar & Bates, LLP |
| --- | --- |
| | 211 7th Ave. North, Ste. 500 |
| | Address |
| | Nashville, TN 37219  (615) 254-3060 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____ 20 _____

_____ SHERIFF

♿ If you have a disability and require assistance, please contact 862-5204.

Copy

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ 15 _____ day of _____ 12 _____, 20 10, I:

[   ] served this summons and complaint/petition on ~~SERVED BY LEAVING COPY~~ ~~W/COMM. OF INS.~~ in the following manner:

[   ] failed to serve this summons within 90 days after its issuance because _____

_____ Sheriff/Process Server

Daron Hall Sheriff

Sgt. Kenneth Crossland
Davidson County Sheriffs Office
Civil Warrant Division

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 _____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____ to the defendant, _____ On the _____ day of

_____, 20 _____, I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20 _____ Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20 _____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC, or _____DEPUTY CLERK

MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.

Copy

FILED

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**brenda.meade@tn.gov**

2010 DEC 28 AM 9: 21
RICHARD R. ROOKER, CLERK
_____ D.C.

December 22, 2010

State Farm Insurance Company                    Certified Mail
2500 Memorial Boulevard                          Return Receipt Requested
Murfreesboro, TN  37131-0001                     7009 3410 0002 1677 0258
NAIC # 2880                                       Cashier # 6863

Re:    Hank & Jennifer Locklin  V.   State Farm Insurance Company

       Docket # 10C4786

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served December 17, 2010, on your behalf in connection with
the above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Davidson County
    1 Public Square, Room 302
    Nashville, Tn  37219-6303

Copy

172520

FILED
2010 DEC -7 PM 3: 55
RICHARD R. ROOKER, CLERK
_____ D.C.

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| HANK ADAM LOCKLIN and JENNIFER ORR LOCKLIN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CIVIL CASE NO. 10C4786 |
| STATE FARM INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

**COMES NOW** Plaintiffs Hank Adam Locklin and Jennifer Orr Locklin, by and through counsel, for their civil action against Defendant State Farm Insurance Company and respectfully show unto the Court the following facts:

### JURISDICTION AND VENUE

1.     Plaintiffs are adult residents of Davidson County, Tennessee and, at all times relevant to the events described in this Complaint, resided at and were owners of real property located at 326 51st Avenue North, Nashville, Davidson County, Tennessee.

2.     Defendant State Farm Insurance Company (hereinafter "State Farm") is a foreign corporation authorized to do business in the State of Tennessee and transacting business in Davidson County, Tennessee. The registered agent for service of process for State Farm is the Commissioner of the Tennessee Department of Commerce and Insurance, Insurance Division, Service of Process Section, 500 James Robertson Parkway, Fifth Floor, Nashville, Davidson County, Tennessee 37243.

{FB057200 /}

Copy

3.     This Court has jurisdiction in that Plaintiffs are citizens and residents of Nashville, Davidson County, Tennessee and State Farm is a business operating within Nashville, Davidson County, Tennessee.

4.     Venue is proper in that all actions complained of herein occurred in Davidson County, Tennessee.

## ALLEGATIONS OF FACT

5.     At all times material hereto, Plaintiffs were insureds covered under a valid homeowners policy provided by State Farm, attached hereto as Exhibit A.  Said policy is identified by State Farm as policy number 42-J0-1207-1. Plaintiffs have paid all premiums due under said policy to State Farm at all times relevant herein and further, Plaintiffs have performed all obligations under said policy on Plaintiffs' part.

6.     On or about December 8, 2009, Plaintiffs' home, which is the insured location under the homeowners policy mentioned above, sustained damage as a result of high winds, which resulted in damages to their home.

7.     Plaintiffs contacted two roofing contractors to inspect the roof of their home and were advised the roof had prior damage from weather conditions, including hail, of which they were previously unaware, in addition to the damage attributable to the aforementioned high winds. In an effort to prevent further damage, Plaintiffs had a tarp installed on the roof.

8.     Thereafter, Plaintiffs made a timely claim for benefits under their homeowners policy. State Farm has identified Plaintiffs' claim as claim number 42-B244-116.

9.     State Farm claim representative Reid Patterson contacted Plaintiff Hank Adam Locklin to schedule an inspection of the home.  Said inspection was scheduled but had to be rescheduled due to rain.

{FB057200 /}

Copy

10. On December 21, 2009, Ms. Patterson and/or her assistant inspected the home. Ms. Patterson informed Plaintiff Hank Adam Locklin Plaintiffs' claim was denied, as she said there was nothing wrong with the roof.

11. Ms. Patterson stated the roof was in great condition, with only a few scratches possibly from limbs brushing it. Ms. Patterson also stated the roof looked to be no more than a few years old. Plaintiff Hank Adam Locklin asked Ms. Patterson to put her findings and conclusions in writing. On the same date, Plaintiff Hank Adam Locklin contacted State Farm and requested another adjuster be sent to inspect the home, as Plaintiffs disagreed with Ms. Patterson's opinions, conclusions and denial of their claim.

12. Instead of receiving a response from State Farm regarding Plaintiffs' request for another adjuster be sent to inspect the home, Plaintiffs received a letter from Ms. Patterson on or about December 30, 2009 in which she enclosed an unsolicited check for $1,612.55 along with an estimate outlining the basis of the payment. In said estimate, Ms. Patterson stated she found "no storm related damage" to the roof. Ms. Patterson's letter was dated December 23, 2009 but the date stamp on the envelope indicates said letter was not mailed until December 29, 2009. Said letter, estimate, envelope and check are attached as collective Exhibit B. Said check sent by Ms. Patterson has not been cashed or otherwise redeemed by Plaintiffs.

13. Plaintiffs' request for State Farm to send another adjuster to the subject property to inspect the roof was ignored by State Farm until several weeks had passed and until Plaintiffs contacted their local agent, Charles Sargent, Jr., to express their displeasure regarding the handling of their claim. Plaintiff Jennifer Orr Locklin's letter to Charles Sargent, Jr. dated January 11, 2010 is attached as Exhibit C.

{FB057200 /}

Copy

14.     On February 26, 2010, instead of sending an independent adjuster be sent to inspect the home, Ms. Patterson appeared with State Farm claim representative Patrick Irwin for a second inspection of the roof and to meet with a roofer selected by Plaintiffs. Plaintiffs aver Ms. Patterson was dismissive of and/or ignored the opinions and observations of the roofer selected by Plaintiffs during the inspection. On the same date, Ms. Patterson and Mr. Irwin notified Plaintiffs their claim was denied. However, Plaintiffs were surprised to be told by Mr. Irwin, in essence, to not worry about it [the denial of the claim] because there would be another storm and they could then make another claim in regards to their roof then. On March 12, 2010, Ms. Patterson sent a letter to Plaintiffs detailing her opinions and conclusions. Said letter contained false and/or misleading statements and suggestions in regards to the opinions and observations of the roofer selected by Plaintiffs. Said letter is attached as Exhibit D.

15.     In a letter of May 20, 2010, State Farm was requested to reconsider the denial of Plaintiffs' claim. State Farm was further placed on notice pursuant to *Tenn. Code Ann.* §56-7-105.

16.     On June 18, 2010, State Farm issued a letter reconfirming its denial of Plaintiffs' claim.

<div align="center">

**CAUSES OF ACTION**
**COUNT I - BREACH OF CONTRACT**

</div>

17.     State Farm has breached the homeowners policy entered into by the parties by refusing to honor its homeowners policy with Plaintiffs, wrongfully denying Plaintiffs' claim and wrongfully refusing to pay to Plaintiffs the benefits to which they are entitled under said policy.

18.     As a direct and proximate result of State Farm's breach of the homeowners policy, Plaintiffs have suffered losses, including, but not limited to, compromised structural integrity of their home, monies paid to repair their home to the best of their ability to prevent further

Copy

damage, additional damages to their home despite their attempts to prevent said damage, costs of repairing their home, and any and all other damages which were proximately caused by State Farm's wrongfully denying and wrongfully failing to pay Plaintiffs' claim.

## COUNT II - TENNESSEE CONSUMER PROTECTION ACT

19.     State Farm has engaged in unfair and/or deceptive acts and practices in violation of the Tennessee Consumer Protection Act pursuant to *Tenn. Code Ann.* § 47-18-101 et seq.

20.     Plaintiffs are consumers within the definition of said Act.

21.     State Farm engaged in unfair and/or deceptive acts and practices by selling Plaintiffs a policy of insurance which states State Farm would cover a property loss resulting from direct physical loss and State Farm is refusing to pay for said loss. State Farm had clear evidence based on Plaintiffs' statements and an inspection of their roof that wind and/or hail damage had caused damages to their home, but State Farm refused to pay the claim thus violating the terms of the homeowners policy. Said actions in regards to the handling of and refusal to pay Plaintiffs' claim amounted to State Farm "[e]ngaging in any other act or practice which is deceptive to the consumer or to any other person," which is a violation of *Tenn. Code Ann.* § 47-18-104(b)(27).

22.     As a direct and proximate result of State Farm's unfair and deceptive acts and practices, Plaintiffs have suffered and will continue to suffer damages.

## COUNT III - BAD FAITH

23.     State Farm acted in bad faith by refusing to pay the claim filed by Plaintiffs as to the damages to their home caused by wind and/or hail.

24.     Plaintiffs are entitled to recover under Section I, Coverage A of the homeowners policy.

Copy

25. State Farm frivolously, unjustifiably, maliciously and/or recklessly failed to adequately and properly investigate Plaintiffs' claim in a proper and timely fashion.

26. State Farm frivolously, unjustifiably, maliciously and/or recklessly failed to pay Plaintiffs benefits due at a time when State Farm knew Plaintiffs were entitled to benefits under said policy.

27. State Farm frivolously, unjustifiably, maliciously and/or recklessly adjusting Plaintiffs' claim.

28. State Farm frivolously, unjustifiably, maliciously and/or recklessly failed to provide a trained, unbiased and competent claim representative to handle Plaintiffs' claim.

29. State Farm frivolously, unjustifiably, maliciously and/or recklessly failing to ensure Plaintiffs' claim was adjusted in a consistent, non-biased and non-arbitrary manner.

30. State Farm acted in conscious, gross and reckless disregard for the rights of Plaintiffs.

31. As a direct and proximate result of State Farm's bad faith, Plaintiffs have suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

1. Plaintiffs be awarded all damages available under the homeowners policy;

2. Plaintiffs be awarded compensatory damages in an amount not to exceed $30,000.00 against State Farm;

3. Plaintiffs be awarded treble damages pursuant to *Tenn. Code Ann.* §47-18-109(a)(3) against State Farm;

{FB057200 /}

Copy

4.	Plaintiffs be awarded reasonable attorney fees and costs pursuant to *Tenn. Code Ann.* §47-18-109(c)(1) and *Tenn. Code Ann.* §56-7-105(a);

5.	Plaintiffs be awarded pre-judgment and post-judgment interest;

6.	A jury be empanelled to hear all issues so triable; and,

7.	Plaintiffs be awarded such other, further, and different relief as this Court deems just and proper.

Respectfully submitted,

FARRAR & BATES, L.L.P.

*Robyn Beale Williams w/ permission*
ROBYN BEALE WILLIAMS, BPR #19736 *by*
211 Seventh Avenue North, Suite 500   *Deanna Cooper*
Nashville, TN 37219                    *BPR 025336*
(615) 254-3060
*Counsel for Hank Adam and Jennifer Locklin*


## COST BOND

We, Farrar and Bates, acknowledge ourselves, this cause not to exceed Five Hundred ($500.00) Dollars that may be adjudicated against Plaintiffs herein.

*Robyn Beale Williams w/*
Robyn Beale Williams  *permission by*
*Deanna Cooper*

{FB057200 /}



FILED
2010 DEC -7 PM 3:58
RICHARD R. ROOKER, CLERK
D.C.

EXHIBIT A

FP-7955 KT (4/97)

STATE FARM INSURANCE

# HOMEOWNERS POLICY

STATE FARM INSURANCE

This policy is one of the broadest forms available today, and provides you with outstanding value for your insurance dollars. However, we want to point out that every policy contains limitations and exclusions. Please read your policy carefully, especially "Losses Not Insured" and all exclusions.

FP-7955 KT

State Farm®
Providing Insurance and Financial Services
Home Office, Bloomington, Illinois 61710

FILED

2010 DEC -7 PM 3: 58

RICHARD R. ROOKER, CLERK

CH_____D.C.

December 23, 2009

JENNIFER ORR LOCKLIN
HANK ADAM LOCKLIN
326 51ST AVENUE NORTH
NASHVILLE TN 37209

Murfreesboro Operations Center
PO Box 20598
Murfreesboro, TN 37129-0097
Fax  888 896 6214

RE:    Claim Number:      42-B244-116
       Date of Loss:      December 8, 2009

Dear Mr. and Mrs. Locklin:

This will follow up my inspection of your home on December 21, 2009.

Enclosed please find a check made payable to you and your lienholder, in the amount of $1,612.55. You will also find a State Farm estimate which will outline our basis for payment.

One of the most beneficial provisions of your insurance policy is Replacement Cost Coverage. This coverage provides the necessary costs in making repairs to your home without a deduction for depreciation. However, your policy does require that these repairs be complete before these benefits may be claimed.

At this time, we are paying your claim with a deduction for depreciation. Once you have had the repairs completed, please forward to me the final bill and we will release to you the depreciation taken, or the amount spent for repairs, whichever is less. To qualify for these benefits, the repairs and/or replacement of the covered part of the property must be completed within two years from the date of loss. You also must notify us within thirty (30) days after the work has been completed.

As I tried explaining to Mr. Locklin at the time of inspection, your policy will not pay for the repairs to the dormers where the water is entering.

Please reference your Homeowners Policy, Form FP-7955, on page nine under SECTION I – LOSSES NOT INSURED, which states:

## SECTION I - LOSSES NOT INSURED

1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

     g.    wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;



JENNIFER ORR
42-B244-116
Page 2

    i.     mold, fungus or wet or dry rot;

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

3.     We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    b.     defect, weakness, inadequacy, fault or unsoundness in:

        (3)     materials used in construction or repair; or

        (4)     maintenance;

        of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

Your policy also gives a time frame in which this may be disputed. Please refer to your policy on page 14 under SECTION I – CONDITIONS, which states:

## SECTION I - CONDITIONS

6.     **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

Should you have any questions with regard to this, please do not hesitate to contact us. I can be reached Monday through Friday from 8:30 a.m. to 5 p.m., Central standard time.

Sincerely,

Reid Patterson
Claim Representative
615 692 3140
State Farm Fire and Casualty Company

11/531/279810

Enclosure:   Check
           Estimate

cc:     42-1532 CHARLES SARGENT JR

State Farm Insurance Companies

12/24/2009 1:32 PM

LOCKLIN, JENNIFER

# Structural Damage Claim Policy

When you have a covered structural damage claim to your real property, you should know:

- We want you to receive quality repair work to restore the damages to your property.

- We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

- Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit or whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

- If you select a contractor whose estimate is the same as or lower than our estimate, based on the same scope of damages, we will pay based upon their estimate. If your contractor's estimate is higher than ours, you should contact your claim representative prior to beginning repairs.

- State Farm cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

- State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

- It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim please contact your claim representative immediately.

Page: 1

42-B244-116

**State Farm Insurance Companies**
**State Farm Fire and Casualty**
P.O. Box 20598
Murfreesboro, TN 37129-0087
888-898-6214 (fax)
12/24/2009 1:32 PM

Estimate:   42-B244-116                        Claim Number:   42-B244-116
Insured:    LOCKLIN, JENNIFER                  Policy Number:  42-J0-1207-1
Property:   326 51ST AVE N                     Type of Loss:   Water Damage
            NASHVILLE, TN 37209-3358           Deductible:     $500.00
                                               Price List:     TNNA8F_NOV09A
Home:       (615) 298-2295                                     Restoration/Service/Remodel
Business:   (615) 664-1626                                     F = Factored In, D = Do Not Apply

                                               Date of Loss:    12/8/2009
                                               Date Inspected:  12/21/2009

### Summary for Dwelling

                                                                    2,220.81
Line Item Total                                                        31.23
Material Sales Tax             @      9.250% x      337.60
                                                                    2,252.04
Replacement Cost Value                                               (139.49)
Less Depreciation (Including Taxes)                                  (500.00)
Less Deductible
                                                                    $1,612.55
Net Actual Cash Value Payment

### Maximum Additional Amounts Available If Incurred:
                                                                     139.49
Total Line Item Depreciation (Including Taxes)
                                                                     139.49
Total Maximum Additional Amount Available If Incurred
                                                                   $1,752.04
Total Amount of Claim If Incurred

Patterson, Reid

## ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.

"It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits".

Page: 2

42-B244-116



## Explanation of Building Replacement Cost Benefits
## Homeowner Policy

12/24/2009 1:32 PM
[Barcode Only]

To:  Name:        LOCKLIN, JENNIFER
     Address:     326 51ST AVE N
     City:        NASHVILLE
     State/Zip:   TN, 37209-3358

Claim Number:   42-B244-116
Cause of Loss:  WATER

Insured:        LOCKLIN, JENNIFER
Date of Loss:   12/8/2009

Your insurance policy provides replacement cost coverage for some or all of the loss or damage to your dwelling or structures. Replacement cost coverage pays the actual and necessary cost of repair or replacement, without a deduction for depreciation, subject to your policy's limit of liability. To receive replacement cost benefits you must:

1. Complete the actual repair or replacement of the damaged part of the property within two years of the date of loss; and

2. Notify us within 30 days after the work has been completed.

3. Confirm completion of repair or replacement, by submitting invoices, receipts or other documentation to your agent or claim office.

Until these requirements have been satisfied, our payment(s) to you will be for the actual cash value of the damaged part of the property, which may include a deduction for depreciation.

Without waiving the above requirements, we will consider paying replacement cost benefits prior to actual repair or replacement if we determine repair or replacement costs will be incurred because repairs are substantially under way or you present a signed contract acceptable to us.

The estimate to repair or replace your damaged property is $2,252.04. The enclosed claim payment to you of $1,612.55 is for the actual cash value of the damaged property at the time of loss, less any deductible that may apply. We determined the actual cash value by deducting depreciation from the estimated repair or replacement cost. Our estimate details the depreciation applied to your loss. Based on our estimate, the additional amount available to you for replacement cost benefits (recoverable depreciation) is $139.49.

If you cannot have the repairs completed for the repair/replacement cost estimated, please contact your claim representative prior to beginning repairs.

All policy provisions apply to your claim.

It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.

Page: 3

**State Farm Insurance Companies**

12/24/2009 1:32 PM

LOCKLIN, JENNIFER

42-B244-116

Main Level

### Dining Room

Height: 10'

| | |
|---|---|
| 529.70 SF Walls | 196.91 SF Ceiling |
| 726.61 SF Walls & Ceiling | 196.91 SF Floor |
| 59.50 LF Ceil. Perimeter | 50.25 LF Floor Perimeter |

| Missing Wall: | 1 – 2'8" X 6'8" | Opens into STAIRS1 | Goes to Floor |
|---|---|---|---|
| Missing Wall: | 1 – 2'10" X 10'0" | Opens into FOYER | Goes to Floor/Ceiling |
| Missing Wall: | 1 – 3'10" X 6'8" | Opens into Exterior | Goes to Floor |
| Missing Wall: | 1 – 2'9" X 6'8" | Opens into Exterior | Goes to Floor |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| 1. Seal then paint the walls (2 coats) | 529.70 SF | 0.51 | 270.15 | (27.02) | 243.13 |
| 2. R&R 1/2" drywall - hung, taped, floated, ready for paint | 64.00 SF | 1.31 | 83.84 | (8.38) | 75.46 |
| 3. Blown-in insulation – 8" depth – R19 | 64.00 SF | 0.54 | 34.56 | (3.46) | 31.10 |
| 4. Seal then paint the ceiling (2 coats) | 196.91 SF | 0.51 | 100.42 | (10.04) | 90.38 |
| 5. Detach & Reset Smoke detector | 1.00 EA | 29.52 | 29.52 | | 29.52 |
| 6. Mask and cover light fixture | 1.00 EA | 7.07 | 7.07 | | 7.07 |
| | | | 525.56 | 48.90 | 476.66 |

Totals: Dining Room

### Stairs1

Height: 17'

| | |
|---|---|
| 300.75 SF Walls | 37.75 SF Ceiling |
| 338.50 SF Walls & Ceiling | 67.97 SF Floor |
| 25.17 LF Ceil. Perimeter | 27.87 LF Floor Perimeter |

| Missing Wall: | 1 – 2'12" X 17'0" | Opens into Exterior | Goes to Floor/Ceiling |
|---|---|---|---|
| Missing Wall: | 1 – 2'8" X 6'8" | Opens into DINING1 | Goes to Floor |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| 7. Seal then paint the walls (2 coats) | 300.75 SF | 0.51 | 153.38 | (15.34) | 138.04 |

Page: 4

42-B244-116



LOCKLIN, JENNIFER

State Farm Insurance Companies

12/24/20    PM

**CONTINUED – Stairs1**

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Totals: Stairs1 | | | | | |
| | | | 153.38 | 15.34 | 138.04 |

**Foyer/Entry**                                                    Height: 10'

261.63 SF Walls
328.10 SF Walls & Ceiling                     66.47 SF Ceiling
29.83 LF Ceil. Perimeter                      66.47 SF Floor
                                              24.33 LF Floor Perimeter

Missing Wall:    1 -   5'6" X 6'8"        Opens into Exterior
Missing Wall:    1 -   2'10" X 10'0"      Opens into DINING1        Goes to Floor
                                                                    Goes to Floor/Ceiling

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| 8. Seal then paint the walls (2 coats) | 261.63 SF | 0.51 | 133.43 | (13.34) | 120.09 |
| Totals: Foyer/Entry | | | 133.43 | 13.34 | 120.09 |
| Area Totals: Main Level | | | | | |

1,092.08 SF Walls
331.36 SF Floor                301.13 SF Ceiling                   1,393.21 SF Walls and Ceiling
331.36 Floor Area              333.83 Total Area                   102.46 LF Floor Perimeter
626.90 Exterior Wall Area      70.75 Exterior Perimeter            114.50 LF Ceil. Perimeter
126.67 Surface Area                  of Walls                      596.90 Interior Wall Area

Total: Main Level

|  |  |  | 812.37 | 77.58 | 734.79 |

**Upstairs**



**Bedroom**                                                        Height: Sloped

520.86 SF Walls
768.28 SF Walls & Ceiling                     247.42 SF Ceiling
62.93 LF Ceil. Perimeter                      236.01 SF Floor
                                              52.33 LF Floor Perimeter

Missing Wall:    1 -   3'7" X 6'8"        Opens into Exterior
42-B244-116                                                        Goes to Floor

Case 3:11-cv-00054   Document 1-1   Filed 01/14/11   Page 19 of 32 PageID #: 23

**State Farm Insurance Companies**

LOCKLIN, JENNIFER

12/24/2009 1:32 PM

**Subroom 1: ROOM1**  Height: Sloped

153.78 SF Walls
189.05 SF Walls & Ceiling
24.90 LF Ceil. Perimeter

35.27 SF Ceiling
23.50 SF Floor
14.43 LF Floor Perimeter

**Missing Wall:**  1 -  5'5" X 7'0"  Opens into BEDROOM  Goes to Floor/Ceiling

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| 9. Plasterer - per hour | 2.00 HR | 40.87 D | 81.74 | | 81.74 |
| 10. Plaster patch / small repair - ready for paint | 1.00 EA | 99.89 | 99.89 | (9.99) | 89.90 |
| 11. Content Manipulation charge - per hour | 2.00 HR | 25.16 D | 50.32 | | 50.32 |
| 12. Seal then paint the walls (2 coats) | 674.64 SF | 0.51 | 344.07 | (34.41) | 309.66 |
| 13. Seal then paint the ceiling (2 coats) | 282.69 SF | 0.51 | 144.17 | (14.42) | 129.75 |
| 14. Clean and deodorize carpet | 259.51 SF | 0.27 | 70.07 | | 70.07 |
| **Totals: Bedroom** | | | 790.26 | 58.82 | 731.44 |

Area Totals: Upstairs

674.64 SF Walls
259.51 SF Floor
259.51 Floor Area
666.14 Exterior Wall Area
151.21 Surface Area

282.69 SF Ceiling
283.40 Total Area
73.01 Exterior Perimeter of Walls

957.33 SF Walls and Ceiling
66.76 LF Floor Perimeter
87.83 LF Ceil. Perimeter
674.64 Interior Wall Area

| Total: Upstairs | | | 790.26 | 58.82 | 731.44 |
|---|---|---|---|---|---|

**Roof**

0.00 SF Walls
0.00 SF Floor
0.00 SF Long Wall

0.00 SF Ceiling
0.00 SF Short Wall

0.00 SF Walls & Ceiling
0.00 LF Floor Perimeter
0.00 LF Ceil. Perimeter

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|

At the time of inspection, there was no storm related damages found to the roof. Water is coming into the home from around the left side of the dormer on the left side of the home.

| Totals: Roof | | | 0.00 | 0.00 | 0.00 |
|---|---|---|---|---|---|

42-B244-116

Page: 6

LOCKLIN, JENNIFER            **State Farm Insurance Companies**

                                                        12/24/2009 1:32 PM

Debris Removal

  0.00 SF Walls              0.00 SF Ceiling          0.00 SF Walls & Ceiling
  0.00 SF Floor              0.00 SF Short Wall        0.00 LF Floor Perimeter
  0.00 SF Long Wall                                   0.00 LF Ceil. Perimeter

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| 15. Haul debris – per pickup truck load – including dump fees | 1.00 EA | 92.16 | 92.16 | | 92.16 |
| Totals: Debris Removal | | | 92.16 | 0.00 | 92.16 |
| Line Item Subtotals: 42-B244-116 | | | 1,694.79 | 136.40 | 1,558.39 |

**Adjustments for Base Service Charges**

| | Adjustment |
|---|---|
| Floor Cleaning Technician | 57.76 |
| Drywall Installer/Finisher | 151.60 |
| Electrician | 135.38 |
| Insulation Installer | 104.40 |
| Painter | 76.88 |
| Total Adjustments for Base Service Charges: | 526.02 |

| LINE ITEM TOTALS: 42-B244-116 | 2,220.81 | 136.40 | 2,084.41 |
|---|---|---|---|

**Grand Total Areas:**

  1,766.72  SF Walls          583.83  SF Ceiling       2,350.54  SF Walls and Ceiling
    590.87  SF Floor                                     169.22  LF Floor Perimeter
                                                         202.33  LF Ceil. Perimeter

    590.87  Floor Area        617.23  Total Area       1,271.54  Interior Wall Area
  1,293.05  Exterior Wall Area  143.76  Exterior Perimeter of
                                        Walls

    277.88  Surface Area

42-B244-116                                            Page: 7



Main Level

42-B244-116



42-B244-116

CLAIM NO **42-B244-116**   POLICY NO **42-J01207-1**   ··· LOSS DATE **12-08-2009**   PAYMENT NO **1 11 595870 J**
DATE 12-24-2009
AMOUNT $1,612.55
TH

| | ACTUAL CASH VALUE REPAIRS | |
|---|---|---|
| Wind/Hail - Building | $1,612.55 | 35/001 | 1 |

REMARKS  actual cash value for repairs to home less policy
deductible

# RETAIN STUB FOR RECORDS

AUTHORIZED BY   PATTERSON, REID
PHONE (616) 692-3140

PAYMENT NO 1 11 595870 J

STATE FARM FIRE AND CASUALTY COMPANY

****EXACTLY ONE THOUSAND SIX HUNDRED TWELVE AND 55/100 DOLLARS

$****1,612.55

Pay to the
Order of:
JENNIFER O. LOCKLIN & HANK A. LOCKLIN & CHASE HOME FINANCE LLC ITS
SUCCESSORS AND/OR ASSIGNS & CHASE HOME FINANCE LLC ITS SUCCESSORS
AND/OR ASSIGNS
326 51ST AVE N
NASHVILLE TN 37209-3358

$00.60
DEC 29 '200
MAILED FROM ZIP CODE 4305

02 1M
000428825

PRESORTED
FIRST CLASS

**State Farm Insurance Companies**
Newark Operations Center
1440 Granville Road
Newark, Ohio 43093-0001

KA6-A31   37209

**Jennifer Orr Locklin**
**326 51st Avenue North**
**Nashville, TN 37209**
615.298.2295
jennifer.locklin@farrar-bates.com

FILED

2010 DEC -7 PM 3:58

RICHARD R. ROOKER, CLERK

D.C.

January 11, 2010

Charles Sargent, Jr.          *VIA FAX AND FIRST CLASS POST*
State Farm Insurance
P. O. Box 150794
Nashville, TN 37215-0794

RE:    STATE FARM CLAIM NO.: 42-B244-116

Dear Charles:

Please consider this letter an inquiry as to the status of the above-noted claim. In December 2009, we began to experience significant leaks in our home. Due to the same, we contacted two roofing contractors to inspect said leaks. Both contractors found damage to our roof, caused by wind, hail or both. We were advised to file a claim under our insurance policy, which we did in turn. In an effort to prevent further damage, one of the contractors placed a tarp over the dormer from which the water intrusion originated.

Ms. Reid Patterson contacted my husband to schedule an inspection. Said inspection was scheduled but had to be rescheduled due to rain. During this time, the water damage to the interior of our home increased, despite the previously installed tarp. Ms. Reid and/or her assistant inspected the roof on December 21, 2009. It is my understanding Ms. Reid was unable to remove the tarp so she and/or her assistant did not visually inspect the area from which the water intrusion originated.

At the end of the meeting, it is my understanding Ms. Reid wanted to discuss her findings and the reasons State Farm would not repair the roof. It is also my understanding Ms. Reid found our roof to be in "great" condition, with only a few scratches possibly from limbs brushing it. Ms. Reid also opined our roof looked to be no more than five to six years old. Instead of discussing these issues with Ms. Reid, my husband asked her to put her findings and conclusions into writing. Also, on the same date, my husband contacted State Farm and requested another adjuster be sent to our home to inspect the roof, as we disagreed with Ms. Reid's findings.

Much to our surprise, we received a letter from Ms. Reid on or about December 30, 2009 in which she enclosed a check for $1,612.55 along with an estimate outlining the basis of the payment. It should be noted Ms. Reid's letter was dated December 23, 2009 but the date stamp on the envelope indicates said letter was not mailed until December 29, 2009, hence the delay in our receipt of the letter. In the estimate, Ms. Reid states she found "no storm related damage" to the roof. It should be further noted we had not heard back from State Farm in regards

{FB011226/}



Charles Sargent, Jr
January 11, 2010
Page 2

to our request for another adjuster be sent to our home to inspect the roof as of said date and, in fact, we have to this date not received a response to our request.

On the same date we received Ms. Reid's letter, my husband contacted you to discuss this claim. Obviously, we are displeased with the service we have received to date. First, we certainly did not request Ms. Reid send a check. Second, we are not in agreement with Ms. Reid's conclusion as they are contrary to that of two roofing contractors and are inconsistent with our home sustaining water damage after our area experienced high winds. Third, State Farm failed to respond to our request for a second opinion on the condition of our roof.

Our displeasure has nothing to do with you, as you have been of great assistance to us in the many years we have maintained all of insurance policies through your office. However, we are displeased with the handling of this claim through the Operation Center. We have not deposited the check sent by Ms. Reid and do not intend to do so as we dispute the manner in which this claim has been handled and the findings which form the basis of said check. Instead, we would request State Farm give immediate attention to our previous requests and reconsider the compensability of this claim.

We look forward to your prompt response. In the meantime, please do not hesitate to contact us with any questions or concerns.

With best regards,

Jennifer Orr Locklin

(PB011226/)



**State Farm®**
Providing Insurance and Financial Services
Home Office, Bloomington, Illinois 61710

FILED

2010 DEC -7 PM 3: 58

RICHARD R. ROOKER, CLERK

_____ D.C.

March 12, 2010

Murfreesboro Operations Center
PO Box 20598
Murfreesboro, TN 37129-0087
Fax 888 698 6214

JENNIFER ORR LOCKLIN
HANK ADAM LOCKLIN
326 SEAFIRST AVENUE NORTH
NASHVILLE TN 37209-3358

RE:    Claim Number:    42-B244-116
       Date of Loss:    December 8, 2009

Dear Mr. and Mrs. Locklin:

This will follow up our second inspection of your roof on February 26, 2010.

Per your request, State Farm met with a roofer of your choice. After inspecting your roof, on both occasions, State Farm, nor the roofer, could find any covered damages.

On the right slope of your roof, there are apparent installation marks around a patched area. These marks are not a result of weather, but from the installation of the shingles. Please refer to your Homeowners Policy, Form FP-7955, on page 9 under **SECTION I - LOSSES NOT INSURED**, which state:

<center>SECTION I - LOSSES NOT INSURED</center>

3.    We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1 and 2 immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

b.    defect, weakness, inadequacy, fault or unsoundness in:

(2)    design, specifications, workmanship, construction, grading, compaction;

of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or



EXHIBIT

JENNIFER ORR
42-B244-116
Page 2

However, we do insure for any resulting loss from items a., b. and
c. unless the resulting loss is itself a Loss Not Insured by this
Section.

On the front slope, there were some small scratches that were determined to have been made
from a tree branch. The granules had not come off, nor was there any damage to the
fiberglass backing of those shingles.

There were two shingles shown to us by your roofer that had lost their seal. Because the
integrity of the shingle has not been compromised, State Farm does not consider a non-sealed
shingle as damaged. At this time of year, the shingle may not adequately seal until the change
of the warm weather and adequate surface temperatures heat the tar to a certain degree. The
shingles themselves have not creased or bent, and the fiberglass beneath has not been
compromised.

Please refer to your Homeowners Policy, Form 7955, on page 9 and under **SECTION 1 –
LOSSES NOT INSURED**, which state:

### SECTION I - LOSSES NOT INSURED

1.    We do not insure for any loss to the property described in
      Coverage A which consists of, or is directly and immediately
      caused by, one or more of the perils listed in items a. through n.
      below, regardless of whether the loss occurs suddenly or
      gradually, involves isolated or widespread damage, arises from
      natural or external forces, or occurs as a result of any combination
      of these:

   g.    wear, tear, marring, scratching, deterioration, inherent
         vice, latent defect or mechanical breakdown;

      However, we do insure for any resulting loss from items a.
      through m. unless the resulting loss is itself a Loss Not Insured by
      this Section.

The water damage to the interior of your home is entering through the rotted wood around the
dormer on the left slope. The tarp was removed in that area and photographs were taken by
both claim representatives. Your roofer has also confirmed that this is the area where the water
is entering.

Again, please refer to your Homeowners Policy, Form 7955, on page 9, **SECTION I – LOSSES
NOT INSURED**, which states:

### SECTION I - LOSSES NOT INSURED

1.    We do not insure for any loss to the property described in
      Coverage A which consists of, or is directly and immediately
      caused by, one or more of the perils listed in items a. through n.

☒ 058/080

JENNIFER ORR
42-B244-116
Page 3

below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    i.      mold, fungus or wet or dry rot;

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

    3.    We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

        b.    defect, weakness, inadequacy, fault or unsoundness in:

            (4)    maintenance;

            of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

Further, your policy includes Endorsement Form FE-5398, which states the following:

## FUNGUS (INCLUDING MOLD) EXCLUSION ENDORSEMENT (FE-5398)

### DEFINITIONS

The following definition is added:

"**fungus**" means any type or form of fungus, including mold, mildew, mycotoxins, spores, scents or byproducts produced or released by fungi.

### SECTION I - LOSSES INSURED

Item 12.d. is replaced with the following:

        d.    caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust, or wet or dry rot.

JENNIFER ORR
42-B244-116
Page 4

Item 13.b. is replaced with the following:

b.    caused by or resulting from continuous or repeated seepage or
      leakage of water or steam which occurs over a period of time and
      results in deterioration, corrosion, rust, or wet or dry rot.

## SECTION I - LOSSES NOT INSURED

Item 1.i. is replaced with the following:

i.    wet or dry rot;

In item 2., the following is added as item g.:

g.    **Fungus.** We also do not cover:

    (1)    any loss of use or delay in rebuilding, repairing or
       replacing covered property, including any associated cost
       or expense, due to interference at the **residence
       premises** or location of the rebuilding, repair or
       replacement, by **fungus**;

    (2)    any remediation of **fungus**, including the cost to:

        (a)    remove the **fungus** from covered property or to
          repair, restore or replace that property; or

        (b)    tear out and replace any part of the building or
          other property as needed to gain access to the
          **fungus**; or

    (3)    the cost of any testing or monitoring of air or property to
       confirm the type, absence, presence or level of **fungus**,
       whether performed prior to, during or after removal, repair,
       restoration or replacement of covered property.

All other policy provisions apply.

Finally your policy further includes a timeframe in which you may dispute this claim.  Please
refer to your policy which reads as follows:

## SECTION I - CONDITIONS

6.    **Suit Against Us.** No action shall be brought unless there has
      been compliance with the policy provisions. The action must be
      started within one year after the date of loss or damage.

JENNIFER ORR
42-B244-118
Page 5

On December 24, 2009, a payment for the actual cash value for the repairs to the interior was made to you and your lienholders.  Should you need another copy of the State Farm estimate which will outline our basis for payment, please contact us and we will be happy to send one.

Should you have any questions with regard to this, please do not hesitate to contact us.

Sincerely,

Reid Patterson
Claim Representative
615 692 3140.
State Farm Fire and Casualty Company

11/533/323271

cc:    42-1532 CHARLES SARGENT