IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| HANK ADAM LOCKLIN and ) <br> JENNIFER ORR LOCKLIN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STATE FARM FIRE & CASUALTY ) <br> COMPANY ) <br> ) <br> Defendant. ) | Case No: 3:11-CV-00054 <br><br> U.S. District Judge Aleta A. Trauger <br><br> U.S. Magistrate Judge E. Clifton Knowles <br><br> JURY DEMAND |

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

As required by Local Rule 16.01 *et seq*., the parties have conferred and discussed the issues enumerated in Local Rule 16.01(d)(1)(c) and (d)(2) in anticipation of the initial case management conference to be held on **Friday, April 15, 2011 at 11:30 a.m.** before Judge Aleta A. Trauger, 801 Broadway, Room 825, Nashville, Tennessee.

This Proposed Initial Case Management Order contains the required information regarding Plaintiffs Hank Adam Locklin ("Mr. Locklin") and Jennifer Orr Locklin ("Mrs. Locklin") (together, the "Plaintiffs") and Defendant State Farm Fire & Casualty Company ("State Farm").

A. **JURISDICTION:**

This Court has jurisdiction of this case pursuant to 28 U.S.C. §§1332.

Jurisdiction is not disputed.

B. **BRIEF THEORIES OF THE PARTIES:**

1. **PLAINTIFFS**

Plaintiffs, Hank Adam Locklin and Jennifer Orr Locklin, are the owners of real property located at 326 51st Avenue North, Nashville, Davidson County, Tennessee. A valid homeowner's policy provided by Defendant, State Farm Fire & Casualty Company, has covered and continues to cover Plaintiff's real property. On or about December 8, 2009, Plaintiffs' home sustained damage as a result of high winds. Plaintiff were soon informed the roof on their home had prior damage from weather conditions, including hail, of which they were previously unaware. Thereafter, Plaintiffs filed a claim under their homeowner's policy with Defendant. On December 21, 2009, Plaintiffs were informed their claim was denied by Defendant. Following a second inspection of said roof, Plaintiffs were again notified on February 26, 2010 their claim was denied by Defendant. Plaintiff requested Defendant's reconsideration of the denial on May 20, 2010 but said claim was again denied on June 18, 2010.

Plaintiffs assert Defendant has wrongfully denied their claim. Plaintiffs further assert Defendant has acted in a frivolous, unjustified, malicious and/or reckless manner in regards to the investigation, failure to pay, adjusting of the claim. Plaintiffs further assert Defendant acted frivolously, unjustifiably, maliciously and/or recklessly in failing to provide a trained, unbiased and competent claim representative to handle Plaintiffs' claim and to ensure Plaintiffs' claim was adjusted in a consistent, non-biased and non-arbitrary manner. Based on the foregoing, Plaintiffs assert causes of action against Defendant for breach of contract, bad faith, and engaging in unfair and/or deceptive acts and practices in violation of the Tennessee Consumer Protection Act pursuant to Tenn. Code. Ann § 47-18-101 et seq.

2. **DEFENDANT**

**Factual Background**

State Farm insured the premises of the Plaintiffs located at 326 Fifty-First Avenue North in Nashville, Tennessee ("their home") under Policy Number 42-J0-1207 which was in effect on December 8, 2009.Plaintiffs claim that on that date the roof of their home sustained damage as a result of high winds. Water leaked into their home during the storm causing damage. Plaintiffs claim that on December 10, 2009, they engaged two roofing contractors to examine the roof of their home. They further claim the roofers informed them that they incurred storm damage and damage to the shingles of their home attributable to high winds. In the area of rotted wood, one of the contractors placed a temporary tarp over an area with rotted wood to prevent further water damage into their home.

On December 13, 2009, the Plaintiffs reported their loss to State Farm. On December 21, 2009, the Plaintiffs' home was inspected by State Farm claims representative, Reid Patterson. This inspection included, but was not limited to, areas under the tarp and the location of water intrusion into Plaintiffs' home. Ms. Patterson found no wind related damage to the roof as no shingles were missing or otherwise creased which is usual for wind damaged shingles. Ms. Patterson found rotten wood on the trim around the left side of a dormer which was located on the left side of the house, along with some recent caulking, and water intrusion from that dormer.

Ms. Patterson informed the Plaintiffs on the date of the inspection that she found no damage to the roof which would be covered under the applicable policy. Mr. Locklin became upset and instructed her to put her findings in writing. Ms. Patterson offered to review the interior portions of the house that were damaged and would be covered, but Mr. Locklin insisted that she place it in writing instead.

Later that same day, Ms. Patterson calculated the payment owed for the interior damage covered by the policy, minus the deduction for depreciation and the deductible, and placed her

findings in a letter dated December 23, 2009 which also explained the partial denial regarding the roof. The estimate to repair the interior damage was $2,252.04. State Farm approved a check in the amount of $1,612.55 to be issued to the Plaintiffs, paying for the claim minus the $139.49 deduction for depreciation as well as the $500.00 deductible. Ms. Patterson noted that the policy would not pay for the repairs to the dormers where the water was entering, because the damage was not storm related and it was categorized under Form FP-7955, pg. 9, Section I – Losses Not Insured as wood rot and deterioration. In Ms. Patterson's letter to the Plaintiffs, she explained that once repairs had been made to the interior, they were to forward the final bill to State Farm and at that time, the depreciation taken, or the amount spent for repairs (whichever is less) would be released to the homeowners.

On January 11, 2010, Mrs. Locklin wrote their State Farm Agent, Charles Sargent, Jr. She wrote that they had previously hired two roofing contractors who found damage to the roof caused by wind, hail, or both, which contradicted Ms. Patterson's assessment. In this letter, Mrs. Locklin contended that Ms. Patterson did *not* inspect under the tarp and that she did *not* inspect the area where the water intrusion originated. She was also displeased to receive the check from Ms. Patterson referenced above and felt that State Farm had ignored Plaintiffs' request for a second opinion. Mr. Sargent conveyed this request to Ms. Patterson. She (Ms. Patterson) agreed this request and noted that she would be happy to meet with a roofer of the Plaintiffs' choice to examine the roof.

On February 26, 2010, Ms. Patterson met with the Plaintiffs, a roofer of the Plaintiffs' choice, and Patrick Irwin, an additional field claims representative from State Farm for a second inspection of the home. The roofer located two shingles that lost their seal, but were not damaged by wind. A few spots were noted on the right side of the roof in a patched/repaired area and

documented these as installation marks. Some minor hail damage to a turbine vent was noted. Neither State Farm, nor the roofer, could find any covered damage to the roof. Ms. Patterson, Mr. Irwin and the Plaintiffs' roofer agreed water was entering through the rotted wood around the dormer.

On March 12, 2010, Ms. Patterson sent a letter to the Plaintiffs maintaining State Farm's position on their claim and the basis for that position. On June 11, 2010, a letter (dated May 20, 2010) was received from attorney, Robyn Beale Williams, on behalf of the Plaintiffs. In her letter, Attorney Williams included opinions form three roofing companies, all of which she claims "directly contradict the findings and opinions of Reid Patterson and Patrick Irwin" and requested State Farm reconsider the Plaintiffs' claim. During this period of time, three estimates were received. The first estimate, dated January 10, 2010 is for $11,141.22 from Diamond Metals. The second estimate, dated March 2, 2010, is from Reliable Roofing. This estimate varies, depending on the shingles used, from $6,855.00 to $14,855.00. A third estimate was received from Joshua Thibideaux dated April 15, 2010.Mr. Thibideaux's estimate is $7,251.29 to repair the entire roof.

On June 18, 2010, State Farm responded to plaintiffs' counsel with a letter explaining its partial acceptance and payment of the claim and its partial denial of the plaintiffs' claim.

**Procedural background**

Plaintiffs commenced this action on December 7, 2010 by filing a Complaint against State Farm in the Circuit Court of Davidson County, in Nashville, Tennessee. The Complaint was served upon the Department of Commerce and Insurance on December 17, 2010. Service of process is not at issue. On January 11, 2010, Defendant filed a Notice of Removal of this Action to the United States District Court for the Middle District of Tennessee, Nashville Division in the

Circuit Court of Davidson County as well as a Notice of Removal from Circuit Court in this Court. The removal was unopposed and the issues regarding jurisdiction and venue are resolved. State Farm answered the Complaint on January 21, 2011. State Farm pled as a defense that Plaintiffs improperly named State Farm and indicated that the proper party is State Farm Fire & Casualty Company. On March 14, 2011, Plaintiffs filed a Motion to Amend and Substitute State Farm Fire & Casualty Company for the previously named Defendant State Farm Insurance Company. Defendant did not oppose this Motion and timely served and filed its Answer to the Plaintiffs' Amended Complaint on March 28, 2011.

**C. ISSUES RESOLVED:**

At this time, the only issues that have been resolved are jurisdiction, venue and proper name of State Farm.

**D. ISSUES STILL IN DISPUTE:**

At this time, all issues regarding liability and damages are still in dispute.

**E. INITIAL DISCLOSURES:**

Pursuant to FED. R. CIV. P. 26(a)(1), initial disclosures shall be made within 14 days after the case management conference. As the case management conference is scheduled for April 15, 2011, the parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before **Monday, May 2, 2011**.

**F. DISCOVERY:**

The parties shall complete all written discovery and depose all fact witnesses on or before **Friday, January 13, 2012.** Discovery is not stayed during the dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motion concerning discovery are to be filed until after the parties have conferred in

good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**G. MOTIONS TO AMEND:**

The parties shall file all Motions to Amend on or before **Friday, September 30, 2011.** At this time, the parties do not foresee the need for counterclaims, cross-claims, third-party claims, joinder of parties and/or claims, or class action certification, and the need for resolution of any issue arising from Rules 13-15, Rules 17-21, and Rule 23 of the FED. R. CIV. P.

**H. DISCLOSURE OF EXPERTS:**

The Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before **Monday, October 31, 2011.** The Defendant shall identify and disclose all expert witnesses and expert reports on or before **Thursday, December 1, 2011.**

**I. DEPOSITIONS OF EXPERT WITNESSES:**

The parties shall depose their expert witnesses on or before **Thursday, February 16, 2012.**

**J. JOINT MEDIATION REPORT:**

The parties shall file a Joint Mediation Report on or before **Wednesday, March 7, 2012, 2012.**

**K. DISPOSITIVE MOTIONS:**

The parties shall file all dispositive motions on or before **Monday, April 2, 2012.** Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for **partial** summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives

the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

    **L. ELECTRONIC DISCOVERY:**

The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply in this case.

    **M. ESTIMATED TRIAL TIME AND DATE:**

The parties expect the trial to last approximately two to three (3) days. Trial shall be set for _____.

    **N. OTHER DEADLINES:**

A Pre-Trial Conference shall be scheduled on _____.

A Final Case Management Conference shall be scheduled on _____.

At this time it appears a Settlement Conference would not be beneficial in this matter, therefore the Court shall not order the parties to attend the same.

IT IS SO **ORDERED.**

                                                         _____
                                                      **JUDGE ALETA A. TRAUGER**
                                                      **U.S. DISTRCT JUDGE**

APPROVED FOR ENTRY:


*/s/ Robyn Beale Williams*
**Robyn Beale Williams (#19756)**
211 Seventh Avenue North, Suite 500
Nashville, Tennessee 37219
(615) 25403060
Attorney for Plaintiffs Hank Adam Locklin and Jennifer Orr Locklin


*/s/ Jay R. McLemore*
**Jay R. McLemore (#26727)**
5200 Maryland Way, Suite 301
Brentwood, TN 37027
(615) 661-7820
Attorney for Defendant State Farm Fire and Casualty Co.


# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via the court's electronic filing system, to the following:

**Jay R. McLemore, Esq.**
5200 Maryland Way, Suite 301
Brentwood, TN 37027
(615) 661-7820
*Attorney for Defendant State Farm Fire and Casualty Co.*

This the 12th day of April, 2011.

                                              */sl Robyn Beale Williams*
                                              **Robyn Beale Williams**